IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| C. THOMAS MESSICK, Individually and as Personal Representative of the ESTATE OF THERESA J. MESSICK, | CV-07-039-BU-CSO |
| and | **ORDER ON PLAINTIFFS' MOTION TO STRIKE** |
| DARRELL E. BOWMAN, as Personal Representative of the ESTATE OF JOAN R. BOWMAN, | |
| Plaintiffs, | |
| vs. | |
| PATROL HELICOPTERS, INC., | |
| Defendant. | |

Plaintiffs filed this action on May 21, 2007, in the Montana Eighteenth Judicial District Court.  Defendant Patrol Helicopters, Inc. ("Patrol"), removed the action to this court on June 20, 2007, alleging jurisdiction under 28 U.S.C. § 1332.

Plaintiffs now move to strike the following portions of Patrol's Answer: (1) defenses found at p. 2, ll. 5-7 and ll. 14-

ORDER                           1

15 of the Answer; (2) the Fourth and Fifth Affirmative Defenses
to the extent they assert negligence claims and claims for
contribution and/or indemnity against Darrell Bowman; and (3)the
Seventh Affirmative Defense in its entirety.  Having reviewed the
record, together with the parties' briefs in support of their
respective positions, the Court rules as follows.

I.  <u>**BACKGROUND**</u>

This action arose on July 16, 2006, when a passenger car
operated by Darrell E. Bowman ("Bowman") collided with a truck
owned by Patrol and operated by Patrol's employee Daniel Lyons
("Lyons").  Both vehicles were northbound on U.S. Highway 89 in
Park County, Montana.  Joan Bowman, Theresa Messick and Thomas
Messick were passengers in the vehicle driven by Darrell Bowman.
The Complaint alleges that, as a result of the negligence of
Lyons, Theresa Messick and Joan Bowman were killed and Thomas
Messick was severely injured.  *See Complaint, Court's Doc. No. 4
at ¶ 6.*

After the accident, Patrol and Lyons asserted claims against
Bowman and thereafter settled those claims.  *See Plaintiffs'
Brief in Support of Motion to Strike ("Plaintiffs' Brief"),
Court's Doc. No. 9, at p. 2.*  As part of the settlement, both
Patrol and Lyons signed releases of liability in favor of Bowman.
The Plaintiffs here also settled their claims against Bowman and
executed releases of liability in favor of Bowman.  *See*

ORDER                          2

*Plaintiff's Preliminary Pretrial Statement at 13.*

In its Answer to Plaintiffs' Complaint, Patrol "specifically asserts that Darrell Bowman was negligent, and that his negligence was the cause of the collision and the cause of injuries to all persons."   *Answer and Demand for Jury Trial, Court's Doc. No. 6, at 2, ll. 5-7.*  The Fourth Affirmative Defense ("Intervening and Independent Acts") and the Fifth Affirmative Defense ("Damages Beyond the Legal Responsibility of Answering Defendant") both allege that "Plaintiffs'/Decedents' injuries were caused by the negligence of Darrell Bowman, and [Patrol] reserves the right to file a claim for contribution and/or indemnification against Darrell Bowman, or assert a Non-Party Defense for apportionment of liability against Darrell Bowman pursuant to Mont. Code Ann. § 27-1-703(6), if the Plaintiffs, or any of them, have settled with Darrell Bowman." *Id. at 3, ll 8-11, ll. 16-20.* The Seventh Affirmative Defense asserts the non-party defense.  *Id. at 4, ll. 3-6.*

## II.  **PARTIES' ARGUMENTS**

Plaintiffs contend the foregoing portions of Patrol's Answer should be stricken as insufficient defenses due to the releases executed by Lyons and Patrol in favor of Bowman.  The first half of the first page of the "General Release" Patrol executed identifies the Releasors ("Steven Lyons and Patrol Helicopter, Inc."), Releasee ("Darrell Bowman"), the Date of Casualty (July

ORDER                        3

16, 2006"), and Sum of Settlement ("$25,000").  *See Plaintiffs'
Brief, Exhibit A.*  In addition, the "Description of Casualty" is
identified as follows: "Property damage claim arising from Motor
vehicle accident."  The first paragraph of the General Release
provides "Releasors ... fully and forever release and discharge
Releasee ... from any and all actions, claims, causes of action,
demands, or expenses for property damages ... arising out of the
described casualty."  *Id.*  Plaintiffs argue that the only legal
injury a corporation may suffer in this instance is property
damage, and thus Patrol released any cognizable claims it had
against Bowman.

       Plaintiffs alternatively argue that the release executed by
Lyons individually must be imputed to Patrol due to the vicarious
nature of Patrol's alleged liability.  This release follows a
similar format and identifies the "Description of Casualty" as:
"Bodily injury and emotional distress claims arising from Motor
vehicle accident."  *See Plaintiffs' Brief, Exhibit B.*  Lyons
similarly released Bowman from "any and all actions, claims,
causes of action, demands or expenses for damages or injuries,
including but not limited to ... negligence ... arising out of
the described casualty."  According to Plaintiffs, this language
prevents Lyons, and therefor Patrol, from asserting any
negligence claim against Bowman.  Thus, Plaintiffs reason that
Patrol cannot claim contribution from Bowman or attempt to

ORDER                            4

establish Bowman's comparative negligence for apportionment of
liability.

Finally, Plaintiffs state that Patrol may not assert an
indemnity claim against Bowman because Patrol's employee, Lyons,
was affirmatively negligent in the accident.  Plaintiffs assert
that Montana law has never allowed an indemnity claim between
parties to a vehicular collision.

Patrol contests each assertion of the Plaintiffs.  Patrol
notes that Mont. Code Ann. § 27-1-104 (2005) states that a civil
action arises out of (1) an obligation, or (2) an injury.  Patrol
claims Bowman is released only from injury claims; Patrol
released Bowman from all property damage claim arising out of the
accident, and Lyons released Bowman from all bodily injury and
emotional distress claims arising out of the accident.  Patrol
cites a number of Montana Supreme Court cases for the proposition
that contribution and indemnity claims arise from obligation.  It
follows, Patrol argues, that releasing Bowman from all legally
cognizable injury claims does not release him from the
obligations of contribution and indemnity.

Patrol also argues Mont. Code Ann. § 27-1-703 (2005)
entitles it to present Bowman's fault as a non-party defense even
if the releases preclude Patrol's actual recovery from Bowman
through contribution or indemnity.  Patrol claims the
legislature's 1997 amendments requiring notice of the non-party

ORDER                         5

defense to Bowman and the Plaintiffs and an opportunity to defend
cure the due process violation identified by the Montana Supreme
Court in *Plumb v. Fourth Jud. Dist. Ct.* (1996), 279 Mont. 363,
927 P.2d 1011.

Finally, Patrol states that unless and until Plaintiffs
establish that Patrol or Lyons was negligent, Patrol is not an
affirmatively negligent tortfeasor.  Thus, Patrol is not
currently barred as a matter of law from claiming indemnity.

## III.   **DISCUSSION**

The Court identifies the issues presented by Plaintiffs'
motion as follows: (1) whether Patrol's assertion of a non-party
defense for apportionment of liability against Bowman should be
stricken, and (2) whether Patrol may "reserve the right" to file
a claim for contribution and/or indemnification against Bowman.

### A.   **Non-Party Defense**

Mont. Code Ann. § 27-1-703 (2005) allows comparison of
the negligence of non-parties, such as Bowman, who have settled
with and been released by the Plaintiffs.  "The Legislature
intends that the liability of persons who settle or are released
and who may share in the responsibility for a tort cause of
action be considered by the trier of fact and apportioned a
percentage of damages according to their negligence[.]" Ch. 293,
L. 1997 (preamble).  The Legislature intended to preserve
percentage apportionment of liability to released non-parties

ORDER                          6

while correcting the constitutional deficiencies outlined in

Plumb.

Section 27-1-703 clearly states that the finder of fact may

consider the fault of persons released by the claimant.  "The

liability of persons released from liability by the claimant and

persons with whom the claimant has settled must also be

considered by the trier of fact, as provided in subsection (6)."

§ 27-1-703 (4).  Subsection (6) states in relevant part:

> (a) [A] defendant may assert as a defense
> that the damages of the claimant where caused
> in full or in part by a person with whom the
> claimant has settled or who the claimant has
> released from liability
> . . . .
> (d) A release of settlement entered into by a
> claimant constitutes an assumption of the
> liability, if any, allocated to the settled
> or released person.  The claim of the
> releasing or settling claimant against other
> persons is reduced by the percentage of the
> released or settled person's equitable share
> of the obligation, as determined under
> subsection (4).

§ 27-1-703 (6).

The statute places the burden of proof for the non-party's

negligence upon the defendant pleading the defense, and sets

forth procedural requirements to provide notice and an

opportunity to intervene and defend to the non-party whose

negligence the defendant asserts as a defense.  *See* § 27-1-703

(6)(e)-(g).

According to the statute, the Plaintiffs assume Bowman's

liability for purposes of negligence comparison because the Plaintiffs settled with and released Bowman.  The focus here is on the Plaintiffs' damages claims against Patrol, not Patrol's or Lyons' damage claims against Bowman.  Presenting the issue of Bowman's negligence is a defense to Plaintiff's claims against Patrol, not an affirmative claim for damages by Patrol against Bowman.

Plaintiffs argue that Bowman will be denied due process if Patrol presents his alleged negligence to the jury.  This is not accurate, however, because the 1997 revisions to § 27-1-703 were designed to address the due process issues outlined in *Plumb*.  In this case, Bowman has notice and an opportunity to defend.  While it is true that Patrol may not force Bowman to appear and defend, Bowman may elect to defend through intervention.  *See* § 27-1-703(6)(f)(ii),(iii).  In short, consistent with the Legislature's intent, so long as Patrol meets the procedural requirements outlined at § 27-1-703 (6)(e)-(g), it may present Bowman's alleged negligence as a defense to Plaintiffs' claims.

The Court concludes that although Patrol's claims for damages against Bowman may be precluded by its release, the release does not prohibit Patrol from asserting Bowman's negligence as a non-party defense to Plaintiffs' claims.

**B.  "Reserved Right" to Assert Contribution/Indemnity Claim.**

The Federal Rules of Civil Procedure do not provide a

ORDER                              8

mechanism for a party to "reserve the right" to assert a defense. Under the plain language of Rule 8, a claim or defense is either asserted or it is not.  *See* Fed. R. Civ. P. 8 (c) ("a party *shall set forth*" its affirmative defenses)(emphasis added); Fed. R. Civ. P. 8(e)(2)(a party is to "set forth" or "state" any alterative or inconsistent claims).  A pleading must assert claims clearly to effectuate the pleading's purpose: to fairly notify adverse parties of the issues in the case.  *See U.S. Indus./Fed. Sheet Metal, Inc. v. Dir. Off. of Worker's Comp. Prog.*, 455 U.S. 608, 613 (1982).

Many courts considering the question of "reserved" affirmative defenses have stricken those defenses from the pleadings.  *E.g., Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F.Supp.2d 897, 907 (N.D.Ill. 2006); *U.S. v. Martell*, 887 F.Supp. 1183, 1193 (N.D.Ind. 1995); *Kelley v. Thomas Solvent Co.*, 714 F.Supp. 1439, 1452 (W.D.Mich. 1989); *County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 158 (S.D.N.Y. 2002).  Although the Ninth Circuit has not directly addressed the question, several district courts within the Ninth Circuit have stricken reserved affirmative defenses from pleadings.  *E.g. Synopsis, Inc. v. Magma Design Automation, Inc.*, No. C-04-3923 MMC (N.D.Cal. Feb. 6, 2007); *Willson v. Bank of America, NA*, No. C-04-1465 TEH (N.D.Cal, Aug. 12, 2004).

Courts strike reserved affirmative defenses because they do

ORDER                          9

not actually assert a defense.  "[A reserved affirmative defense]
serves no function as is and any addition of defenses is properly
achieved by the terms of the Rules ...."  *Kelly*, 714 F.Supp. at
1452.  Reserved defenses merely indicate a possible willingness
to assert a defense in the future.  This does not comply with the
requirement that averments in pleading be "simple, concise, and
direct."  Fed. R. Civ. P. (8)(e)(1).

Patrol's reservation of affirmative defenses is of no force
and effect.  Rather than give opposing parties fair notice of the
issues, the reservation of affirmative defenses injects ambiguity
into the pleadings.  This Court will not address the merits of
the reserved claims of contribution and/or indemnification
against Bowman where said claims have not been asserted.  Of
particular concern with respect to the "reserved right" to assert
claims for contribution and/or indemnity against Bowman is the
fact that Bowman is not named as a party here in his individual
capacity.  *See Plaintiff's Brief in Support of Motion to Strike
at page 1, footnote 1.*  It is inappropriate for the Court to
address such a "reserved" claim against a person or entity not
before the Court.  If Patrol later believes these claims to have
merit, it may move to amend its Answer under the provisions of
Rule 15(a), Fed. R. Civ. P.

The Court will also strike those portions of Patrol's 4th
and 5th Affirmative Defenses which purport to "reserve the right"

ORDER                                    10

to assert a non-party defense.  It is perplexing that Patrol would "reserve the right" to assert a non-party defense and, in the same pleading, assert that non-party defense against Bowman in its 7th Affirmative Defense.  The "reserved right" to assert a non-party defense in the 4th and 5th Affirmative Defenses is therefore moot.

For the reasons set forth above, **IT IS HEREBY ORDERED**  that Plaintiffs' Motion to Strike (*Court's Doc. No. 8*)is **GRANTED IN PART and DENIED IN PART**.  It is **GRANTED** as to those portions of Patrol's Fourth and Fifth Affirmative Defenses reserving the right to file a claim for contribution and/or indemnification from Bowman or a non-party defense.  It is **DENIED** as to Patrol's Seventh Affirmative Defense, and as to p. 2, ll. 5-7 and 14-15 of Patrol's answer.

DATED this 29th day of August, 2007.


**/s/ Carolyn S. Ostby**
_____
Carolyn S. Ostby
United States Magistrate Judge

ORDER                              11

ORDER                                    12